Filed 2/7/24  P. v. Lopez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B326081 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA438338) |
| v. | |
| TONI LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Affirmed in part; reversed in part and remanded.

Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Toni Lopez (defendant) appeals the order denying in part her petition filed pursuant to Penal Code section 1172.6. Both parties agree the trial court correctly granted vacatur of defendant's 2016 attempted murder conviction but erred in refusing to fully resentence her on the remaining charges. We agree and reverse in part and remand with instructions.

## BACKGROUND

In 2015, defendant was charged with one count of attempted murder (Pen. Code, §§ 187, subd. (a), 664; count 7)[1] with the allegation a principal personally and intentionally discharged a firearm and proximately caused great bodily injury to the victim within the meaning of section 12022.53, subdivisions (b), (c), (d) and (e)(1). Two counts of second degree robbery (§ 211; counts 5 & 6) and one count of misdemeanor receiving stolen property (§ 496, subd. (a); count 4) were also alleged. As to count 5, it was alleged that a principal was armed with a firearm (§ 12022, subd. (a)(1)) and personally used a firearm (§ 12022.53, subds. (b) & (e)(1)). In count 6, it was alleged that a principal personally and intentionally discharged a firearm and proximately caused great bodily injury to the victim within the meaning of section 12022.53, subdivisions (b), (c), (d) and (e)(1). It was further alleged pursuant to section 186.22, subdivision (b)(1)(C), that the crimes alleged in counts 4, 6 and 7 were committed for the benefit of, at the direction of, and in association with a criminal street gang, with the specific intent to

---

[1] All further unattributed code sections are to the Penal Code unless otherwise stated.

2

promote, further and assist in criminal conduct by gang members.

After trial had begun, a plea agreement was reached under which defendant pled no contest to counts 5 and 7. As to count 5, defendant admitted the gang allegation and a firearm enhancement pursuant to section 12022.53, subdivisions (b) and (e)(1). Defendant was then sentenced to a 23-year prison term comprised of three years for second degree robbery, plus 10 years for the gang enhancement and 10 years for the firearm enhancement. A concurrent seven-year term for the attempted murder was also imposed. The remaining counts were dismissed.

On June 1, 2022, defendant filed a petition for vacatur of her attempted murder conviction and for resentencing pursuant to former section 1170.95, now section 1172.6.[2] The trial court appointed counsel, ordered the prosecution to file a response, and after several continuances a hearing on the petition was held on October 10, 2022. The trial court and the parties agreed defendant was entitled to vacatur of her attempted murder conviction and to resentencing. The court then vacated and dismissed the attempted murder conviction, but reinstated the original sentence of 23 years in prison after concluding that since defendant received a sentence pursuant to a negotiated plea, the court had no jurisdiction to do otherwise.

Defendant filed a timely notice of appeal.

---

[2] Section 1170.95 was renumbered section 1172.6, with no change in text effective June 30, 2022. (Stats. 2022, ch. 58, § 10.) We will refer to the section by its new numbering only.

## DISCUSSION

Defendant contends and the People agree that the trial court erred in not resentencing defendant.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, amended the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill also eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowed the felony-murder exception to the malice requirement for murder (see §§ 188, subd. (a)(3), 189, subd. (e); *People v. Lewis* (2021) 11 Cal.5th 952, 957). A procedure for those convicted of attempted murder to seek retroactive relief if they could not now be convicted under the amended laws was provided and later extended to attempted murder convictions. (Stats. 2021, ch. 551, § 2; see § 1172.6, subd. (a).)

"'In construing any statute, we first look to its language. [Citation.] "Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . ."'" (*People v. Zambia* (2011) 51 Cal.4th 965, 972.) Under the plain wording of section 1172.6, if the charging document allowed the prosecution to proceed on a theory of felony murder or the natural and probable consequences doctrine, regardless of whether the attempted murder conviction was

4

entered following trial or whether the defendant accepted a plea offer in lieu of a trial, the relief of section 1172.6 was available. (§ 1172.6, subd. (a)(1)-(2).)  Indeed since the prosecution stipulated to vacatur of the attempted murder conviction and the trial court agreed defendant could not now be convicted under any current viable theory of attempted murder, the statute required the trial court to recall the original sentence and resentence defendant "on any remaining counts in the same manner as if [she] had not previously been sentenced."  (§ 1172.6, subd. (d)(1)-(2).)

Though the trial court acknowledged the above provisions, it relied on *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), *People v. Pixley* (2022) 75 Cal.App.5th 1002 (*Pixley*), and *People v. King* (2020) 52 Cal.App.5th 783 (*King*), which both parties here agree are inapplicable to resentencing under section 1172.6.

*Stamps* was a direct appeal after a negotiated plea, seeking remand due to a change in the law allowing a trial court to strike a five-year serious felony enhancement in the interest of justice. (*Stamps, supra*, 9 Cal.5th at p. 692; see § 1385.)  The California Supreme Court remanded the case so the trial court could consider whether to exercise its newly conferred discretion to strike the enhancement; but the court also held that if the trial court did so, the prosecution could withdraw from the plea or the court could withdraw approval of the plea (*Stamps*, *supra*, at pp. 705-706), explaining that when a negotiated plea is withdrawn, ""'the court cannot 'proceed to apply and enforce certain parts of the plea bargain, while ignoring' others. [Citation.]  Instead, the court must restore the parties to the status quo ante"'" (*id.* at pp. 706-707).

As both parties argue, *Stamps* is distinguishable from the instant case.  *Stamps* was decided under section 1385, a

5

sentencing provision that does not provide resentencing and is retroactive only to nonfinal cases. (*Stamps, supra*, 9 Cal.5th at pp. 692, 698-699.) Section 1172.6, on the other hand, sets forth a procedure which permits the court to retroactively recall a sentence after the judgment becomes final. (*People v. Strong* (2022) 13 Cal.5th 698, 708.) If a conviction qualifies for vacatur, section 1172.6 requires resentencing on any remaining counts. (§ 1172.6, subd. (d)(1)-(2).) There is no language in the statute requiring or permitting withdrawal of the plea.

As *King* relied on *Stamps* to deny resentencing under section 1170.91 to a defendant who had negotiated a plea with a stipulated sentence (*King, supra*, 52 Cal.App.5th at pp. 790-791), and *Pixley* relied on *King* and *Stamps* to do the same (*Pixley, supra*, 75 Cal.App.5th at pp. 1005-1006), these cases are also inapplicable here. Moreover, both *King* and *Pixley* have been abrogated by statute (*People v. Harrell* (2023) 95 Cal.App.5th 161, 166-167) when the Legislature amended section 1170.91, subdivision (b)(3), effective January 1, 2023, to provide that if the once-specified criteria are satisfied, the court may resentence the petitioner in enumerated ways, *including a reduction in the term*, "regardless of whether the original sentence was imposed after a trial or plea." (Stats. 2022, ch. 721 § 1.)

In *Harrell*, the appellate court found the language ambiguous, reviewed the legislative history of the amendment, and concluded that "the Legislature clearly intended to make persons serving a stipulated sentence eligible for relief under section 1170.91," thus eliminating *King*'s reasoning under the former language of the statute. (*People v. Harrell, supra*, 95 Cal.App.5th at pp. 167-168.)

We agree with the parties that *Harris v. Superior Court* (2016) 1 Cal.5th 984 (*Harris*), where a similar issue arose in

relation to Proposition 47 (approved Nov. 2014), used a procedure to retroactively reduce certain nonviolent crimes from felonies to misdemeanors that is more helpful.  (See § 1170.18, subd. (a).)  "'When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.'"  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1100.)

In *Harris*, our Supreme Court held that resentencing under Proposition 47 did not allow the prosecution to withdraw from a previously negotiated plea.  (*Harris, supra*, 1 Cal.5th at pp. 987-988.)  Proposition 47 created a resentencing procedure similar to section 1172.6, applicable to those "'serving a sentence for a conviction, *whether by trial or plea*, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense.'"  (*Harris*, at p. 991; see § 1170.18, subd. (a).)  "The italicized language makes it clear that the provision applies to someone . . .  who was convicted by plea [with] no exceptions and, specifically, no exception for someone convicted by a plea that was the result of a plea agreement.  By expressly mentioning convictions by plea, Proposition 47 contemplated relief to all eligible defendants."  (*Harris*, at p. 991, citations omitted.)  As section 1172.6 contains no exceptions to its similar provision, we conclude that relief is similarly available to all eligible defendants, including those who negotiated a plea in lieu of a trial.  (§ 1172.6, subd. (a)(1)-(2).)

Moreover, as noted in *Harris*, section 1170.18, subdivision (b) provides that a defendant upon meeting the requirements for relief "'shall' be resentenced," and with just one exception.

7

(*Harris, supra*, 1 Cal.5th at pp. 991-992.)  Section 1172.6, subdivision (d)(3) similarly provides, but without exception, that upon a finding of eligibility for relief "the conviction, shall be vacated and the petitioner *shall* be resentenced on the remaining charges."  (Italics added.)  *Harris* reasoned that "[t]he resentencing process that Proposition 47 established would often prove meaningless if the prosecution could respond to a successful resentencing petition by withdrawing from an underlying plea agreement and reinstating the original charges filed against the petitioner."  (*Harris, supra*, at p. 992.)  So too the resentencing process established by Senate Bill No. 1437 would be meaningless if the trial court were allowed to abide by the vacatur mandate of section 1172.6, subdivision (d)(3) but refuse the statute's mandate that an eligible defendant be "resentenced on the remaining charges."  (§ 1172.6, subd. (d)(3).)

In *Harris*, our Supreme Court quoted its decision in *Doe v. Harris* (2013) 57 Cal.4th 64, 70, which "stands for the proposition that 'the Legislature . . . , for the public good and in furtherance of public policy, and subject to the limitations imposed by the federal and state Constitutions, has the authority to modify or invalidate the terms of an agreement.'"  (*Harris, supra*, 1 Cal.5th at p. 992.)  Effective January 1, 2020, the Legislature codified that rule by declaring:  "The California Supreme Court held in *Doe v. Harris*[, *supra*,] 57 Cal.4th 64 that, as a general rule, plea agreements are deemed to incorporate the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy.  That the parties enter into a plea agreement does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them"; and a plea that includes a waiver of unknown future rights is not a knowing and intelligent plea.  (§ 1016.8,

8

subd. (a)(1); Stats. 2019, ch. 586, § 1.)  Thus, a plea bargain that requires a defendant to generally waive future benefits of changes in the law that are unknown or that may retroactively apply after the plea, is void as against public policy.  (§ 1016.8, subds. (a)(4) & (b).)

We agree with the parties that the matter be remanded for a full resentencing.[3]

## DISPOSITON

The order vacating defendant's attempted murder conviction is affirmed, and the matter is remanded with directions to recall defendant's sentence and to fully resentence defendant on the remaining charges.

_____

CHAVEZ, J.

We concur:

_____                    _____

LUI, P. J.                                        ASHMANN-GERST, J.

---

[3]    Resentencing "on any remaining counts in the same manner as if the petitioner had not previously been sentenced" as provided in section 1172.6 (d)(1) means full resentencing, which allows a court to revisit all prior sentencing decisions, not solely a portion of the sentence.  (*People v. Trent* (2023) 96 Cal.App.5th 33, 44, review granted Dec. 20, 2023, S282644, citing *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 & *People v. Buycks* (2018) 5 Cal.5th 857, 893.)